# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ERNEST CARL DARCUS, JR, | ) |
| Petitioner, | ) |
| vs. | ) No. 2:17-cv-00284-WTL-MJD |
| STEPHEN JULIAN Warden, | ) |
| Respondent. | ) |

**Order Dismissing Action and Directing Entry of Final Judgment**

Ernest Carl Darcus, Jr., seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition for writ of habeas corpus is **denied.**

## I.

Mr. Darcus was convicted of a drug offense in the United States District Court for the Eastern District of Virginia in 2009. He agreed to plead guilty in 2009 and was sentenced to 292 months' imprisonment.

In 2011, the Court of Appeals for the Fourth Circuit dismissed Mr. Darcus's appeal because he waived his right to appeal in his plea agreement. The Supreme Court of the United States denied his petition for writ of certiorari later that year.

In 2012, Mr. Darcus filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia, which was denied on the merits in 2015. He filed a motion seeking permission for a successive § 2255 motion in 2016, and a Certificate of Appealability was denied.

Mr. Darcus has now filed a petition for habeas relief pursuant to § 2241 in this court. He challenges the lawfulness of his sentence. He argues his sentence was wrongly enhanced under the U.S. Sentencing Guidelines. Mr. Darcus believes the enhanced sentence violates due process and creates a miscarriage of justice.

## II.

To proceed under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

As argued by the respondent, the savings clause of § 2255(e) does not give Mr. Darcus a further bite at the post-conviction relief apple in this case. Mr. Darcus argues that he is entitled to § 2241 relief due to the decision in *Webster v. Daniels*, 784 F.2d 1123 (7th Cir. 2015). Mr. Darcus asserts that *Webster* allows his habeas corpus petition because Mr. Darcus "has not been given a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." Dkt. No. 12 at 3.

Mr. Darcus is mistaken. In *Webster*, the Seventh Circuit held that "there is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically prohibits a certain penalty." 784 F.3d at 1139. *Webster*, however, is inapplicable to the present case because Mr. Darcus's § 2241 petition does not involve a claim of new evidence—instead, he argues that the Sentencing Guidelines were improperly calculated resulting in an

enhanced prison sentence. The Seventh Circuit has rejected similar arguments by petitioners explaining:

> Additionally, there is nothing in *Webster* to suggest that its holding applies outside the context of new evidence. Indeed, the *Webster* court took great care to assure that its holding was narrow in scope—"[i]t will be a rare case where records that predate the trial are found much later, despite diligence on the part of the defense, and where those records bear directly on the constitutionality of the death sentence." 784 F.3d at 1140 (first emphasis added).

*Poe v. LaRiva*, 834 F.3d 770, 774 (7th Cir. 2016)

Mr. Darcus's claim does not fall under the savings clause because Mr. Darcus does not rely on a new law available after his first § 2255 motion. Mr. Darcus alleges that his sentence was improperly enhanced under the Sentencing Guidelines and fails to cite a subsequent case of statutory interpretation. In addition, a violation of the Sentencing Guidelines is not a statutory violation. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). A sentence that is illegal due to violation of a statute is "distinct from a sentence permitted by a statute though more severe than authorized by the guidelines." *Id.* at 641.

Because Mr. Darcus fails to identify any new rule that was previously unavailable and that applies retroactively, his claims fail to meet the criteria necessary to proceed under § 2241. Indeed, all of his claims could have been brought through a § 2255 motion.

### III.

Accordingly, the petitioner's § 2241 petition is dismissed with prejudice pursuant to 28 U.S.C. § 2255(e). Final Judgment in accordance with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 3/27/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ERNEST CARL DARCUS, JR
06352-084
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov